IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALVIN GALUTEN, on behalf of the ESTATE OF HORTENSE GALUTEN, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:18-cv-00519 |
| v. | ) ) | JUDGE RICHARDSON |
| WILLIAMSON MEDICAL CENTER, et al., | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Pending before the Court is a Motion of Defendants Benson, Lux, Alhomoud, and Cogent Healthcare of Tennessee, d/b/a Sound Physicians of Tennessee for a Final Order and Judgment Dismissing All Claims Against Them (Doc. No. 63), to which no opposition has been timely filed. The Local Rules of Court provide that failure to file a timely response to a motion shall indicate that there is no opposition to the motion. Local Rule 7.01(b).

The Court has previously dismissed all claims against these Defendants (Doc. No. 61). Pursuant to Fed. R. Civ. P. 54(b), the Court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the Court expressly determines that there is no just reason for delay. Thus, Rule 54(b) requires two independent findings: (1) the district court must expressly direct the entry of final judgment as to one or more, but fewer than all, claims or parties and (2) the district court must expressly determine that there is no just reason for delay. *General Acquisition, Inc. v. GenCorp, Inc.* 23 F.3d 1022, 1026 (6th Cir. 1994).

Rule 54(b) is used to permit immediate review of certain district court orders by the appellate court prior to ultimate disposition of the case. Indeed, the purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case *by making an immediate appeal available. Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citing 10 Charles A. Wright, et al., *Federal Practice and Procedure Civil* 2d § 2654 at 33 (1982)). Rule 54(b) was adopted to codify the historic rule in the federal courts that has always prohibited piecemeal disposition of litigation and to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case. *Fine v. Tumpkin*, Civil Action No. 17-cv-2140, 2019 WL 330759, at * 1 (D. Col. Jan. 24, 2019) (citing Fed. R. Civ. P. 54(b) advisory committee's note). And, the Rule 54(b) certification mechanism is designed to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. *Gavitt v. Born*, 835 F.3d 623, 638 (6th Cir. 2016).

Thus, cases citing Rule 54(b) involve a request for immediate appeal of an order. *See, e.g., Davis v. Detroit Public Schools Comm. Dist.*, 899 F.3d 437, 441 (6th Cir. 2018) (district court had granted plaintiffs' motion for Rule 54(b) order because immediate appeal was warranted); *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 738 (6th Cir. 2014) (identifying the certification under Rule 54(b) as a certification to appeal); *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.4d 905, 913 (6th Cir. 2017) (finding district court's certification of immediate appeal to be proper); *Ramos-Macario v. Jones*, No. 3:10-00813, 2011 WL 831678, at * 15 (M.D. Tenn. Mar. 2, 2011) (district court has sound judicial discretion to determine the appropriate time when each final decision in a multiple claims action is ready for appeal under Rule 54(b)). In the absence of

proper certification for an interlocutory appeal under Rule 54(b), an order disposing of fewer than all claims in a civil action is not immediately appealable. *Adler*, 758 F.3d at 739.

Defendants have not cited any authority for the Court to enter final judgment merely because they "wish to be fully and officially dismissed from this matter," rather than to certify an appeal. And, the Court cannot imagine that these Defendants would appeal the Court's Order dismissing all claims against them. Rather, it is only Plaintiff who might seek to appeal; being the only party potentially having need of an appeal as to these Defendants, Plaintiff is the only one who would be substantively affected by the continued postponement of the availability of an appeal that would be occasioned by denial of Defendants' motion. In other words, the status quo entirely favors Defendants, and the grant of Defendants' motion would serve to *change* the status quo by opening up to Plaintiff the path to interlocutory appeal. Under these circumstances, the Court concludes that Defendants have nothing close to a substantial justification for a final judgment under Rule 54(b), even if they would prefer to have immediate finality (which actually would be illusory due to the possibility of Plaintiff appealing).

The Court is aware that the claims against these Defendants are separate and distinct from the remaining claims and that as indicated above, Plaintiff would not suffer prejudice by the grant of Defendants' motion. But that does not mean that the grant of Defendants' motion would serve the proper purposes of Rule 54(b). In its discretion, the Court finds that Defendants have not carried their burden to show entitlement to the requested relief under Fed. R. Civ. P. 54(b).

Accordingly, Defendants' Motion (Doc. No. 63) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE