IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALVIN GALUTEN, on behalf of the )
ESTATE OF HORTENSE GALUTEN, )
)
    Plaintiff, ) NO. 3:18-cv-00519
) JUDGE RICHARDSON
v. )
)
WILLIAMSON COUNTY HOSPITAL )
DISTRICT d/b/a WILLIAMSON )
MEDICAL CENTER, )
)
    Defendant. )

# MEMORANDUM OPINION

Pending before the Court is Defendant Williamson County Hospital District's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 80). Alternatively, Defendant asks the Court to preclude Plaintiff from disclosing any expert witness or presenting any expert testimony at trial. Plaintiff has filed a Response (Doc. No. 82), and Defendant has filed a Reply (Doc. No. 83).

# BACKGROUND

Plaintiff, who is the son and court-appointed executor of the estate of Hortense Galuten, deceased, filed this action pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA") against Williamson Medical Center ("WMC") and others,[1] alleging (among other things) that WMC failed adequately to screen Ms. Galuten's emergency medical condition and discharged her in an unstable medical condition; failed to provide appropriate medical care to her; failed to send her medical records with her in the ambulance to the rehabilitation facility; diverted

---

[1] Certain of Plaintiff's claims and certain Defendants were dismissed by prior Order of the Court (Doc. No. 62), and default has been entered as to Defendant First Call Ambulance Services, LLC. (Doc. No. 58).

a non-hospital-owned ambulance away from returning Ms. Galuten to WMC for emergency medical care; and failed to timely and adequately transfer her in a stable condition to another hospital with capability to provide appropriate care for her life-threatening condition.

The Initial Case Management Order (Doc. No. 40) in this case required that disclosures of the identity of Plaintiff's expert witnesses, and disclosure of their expert reports, be completed on or before July 31, 2019. On July 31, 2019, Plaintiff filed a motion for extension of time to disclose expert opinions and expert reports.[2] (Doc. No. 77). The Magistrate Judge granted Plaintiff's motion in part and allowed Plaintiff until August 6, 2019, at noon, to provide expert disclosure and reports. (Doc. No. 79). WMC contends that Plaintiff has failed to comply with that Order. According to WMC's motion, Plaintiff has yet to provide expert disclosures or reports. (Doc. No. 80).

## ANALYSIS

WMC asks the Court to dismiss this action pursuant to Fed. R. Civ. P. 37 and 41 for Plaintiff's failure to cooperate in discovery. In response, Plaintiff concedes that his failure to disclose expert witnesses and reports precludes him from introducing any expert witness testimony in this case (Doc. No. 82), but he argues that dismissal is not required.

Under the discovery sanctions rule, a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit. *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery order: (1) whether the party's failure to willful, in bad faith, or due to fault; (2) whether the adversary was prejudiced by the conduct; (3) whether the offending party was warned that failure to cooperate could lead to

---

[2] The Initial Case Management Order also provided that if modification was needed as to any deadlines, a motion was to be filed seven days in advance of that deadline. (Doc. No. 40).

dismissal; and (4) whether less drastic sanctions exist. *Id.*; *Cleaborn v. Gentry*, Case No. 2:18-cv-2603, 2019 WL 4750599, at * 1 (W.D. Tenn. Sept. 30, 2019). Dismissal is proper if the record demonstrates behavior that is perverse in resisting authority and stubbornly disobedient. *Mager*, 924 F.3d at 837.

In light of Plaintiff's concession that he is precluded from introducing expert testimony in this case and WMC's December 13, 2019 filing of a Motion for Summary Judgment based on Plaintiff's failure to offer any expert testimony (Doc. No. 85), the Court finds appropriate the less drastic sanction, which was proposed alternatively by WMC itself,[3] of precluding such testimony. This remedy completely addresses any possible prejudice WMC could have faced from Plaintiff's failure to make timely disclosures. A harsher remedy thus is not necessary to prevent prejudice or to address any bad faith on the part of Plaintiff or Plaintiff's counsel.[4]

Accordingly, WMC's Motion to Dismiss is **DENIED**, but WMC's alternative request that Plaintiff be precluded from introducing expert witnesses or testimony in this case is **GRANTED**. Plaintiff shall not be allowed to present expert testimony at any future point in this litigation, and Plaintiff's claims shall stand or fall without the benefit of any expert testimony.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] WMC has represented that the Court should issue, "at the very least, a ruling that the Plaintiff is precluded from offering any expert witnesses or expert testimony going forward in this case." (Doc. No. 83).

[4] The Court finds no evidence of bad faith by Plaintiff or Plaintiff's counsel.